UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH D.,

          Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

20-CV-00923-MJR
DECISION AND ORDER

---

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

Plaintiff Elizabeth D.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 10) is granted, defendant's motion (Dkt. No. 12) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed protectively for SSI on February 3, 2017, alleging a disability onset date of February 3, 2016. (Administrative Transcript ["Tr."] 203-20). The application was initially denied on May 17, 2017. (Tr. 11, 137-48). Plaintiff timely filed a request for an administrative hearing. (Tr. 152-66). On December 12, 2018, Administrative Law Judge ("ALJ") Dale Black-Pennington held a video hearing from Albany, New York. (Tr. 73-120). Plaintiff appeared in Buffalo, New York with her attorney. A vocational expert also testified. The ALJ issued a decision finding Plaintiff not disabled on January 28, 2019. (Tr. 8-27). On May 21, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-7). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 3, 2017, the application date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: chronic migraine headaches; asthma; obesity; bilateral knee pain; and back pain. (Tr. 13-17). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). Prior to proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work with the following additional limitations:

> the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; requires the ability to alternate her position from sitting to standing to walking; can stand and walk for four hours in an eight hour workday for 30 minute intervals; can sit for six hours in an eight hour workday for one hour intervals; can occasionally limb, balance, stoop, kneel, crouch and crawl; must avoid concentrated exposure to temperature extremes, humidity, dust, fumes, smoke, odors and other environmental irritants; and must avoid exposure to unprotected heights, heavy moving mechanical parts and vibrations.

(Tr. 17-21). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 21). At step five, the ALJ found Plaintiff capable of performing jobs that exist in significant numbers in the national economy. (Tr. 21-22). Accordingly, the ALJ determined that

Plaintiff has not been under a disability from February 3, 2017, the date the application was filed. (Tr. 22).

### IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the Appeals Council erred by rejecting additional medical evidence regarding her bipolar disorder, and that the case must therefore be remanded. The Court agrees.

Social Security regulations allow a claimant to submit additional evidence to the Appeals Council in support of the Request for Review. See 20 C.F.R. § 404.970(b). The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision. *Id.* Evidence is new if it is not cumulative of what was already in the record. *Simon v. Berryhill*, No. 1:16-cv-04088(FB), 2017 WL 4736732, at *2 (E.D.N.Y. Oct. 19, 2017). It is material if it is relevant to the plaintiff's "condition during the time period for which benefits were denied and probative, meaning there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently." *Webb v. Apfel*, No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1990)). The Second Circuit has held that "cursory, formulaic" statements by the Appeals Council are not helpful, and may not be accepted at face value. *Pollard v. Halter*, 377 F.3d 183, 192–93 (2d Cir. 2004).

In *Harris v. Comm'r of Soc. Sec.*, No. 19-CV-303, 2020 WL 4047478, *5 (W.D.N.Y. July 20, 2020), the plaintiff submitted to the Appeals Council evidence of a psychiatric inpatient hospitalization after the ALJ's decision. The Appeals Council rejected it, finding

it did not relate to the period at issue. *Id.* The plaintiff argued it should have been considered, as it was new, non-cumulative, and unavailable at the time of the hearing. *Id.* The Court agreed, finding "[t]he evidence also sheds light on Harris's previously-diagnosed bipolar and psychotic disorders—conditions the ALJ found 'severe' but not disabling—and therefore is material to Harris's condition during the relevant time period." *Id.* The Court remanded and ordered the Commissioner to consider those records and incorporate them into her mental RFC determination. *Id.* at *6.

The instant case is similar to *Harris*. Additional records were submitted from Plaintiff's treating physicians to the Appeals Council regarding Plaintiff's mental health impairments. (Tr 37-72). These records could provide a reasonable basis for finding that Plaintiff's bipolar disorder is a severe impairment, rather than non-severe as found by the ALJ. (Tr. 15-17).

On February 5, 2019, Plaintiff saw Dr. Vazquez for a psychiatric evaluation. (Tr 38). She scored moderate to severe depression on the PHQ-9. She described delayed sleep onset, interrupted sleep, legs moving, nonrestorative sleep, and recurrent nightmares. On examination, her mood was stressed out and her affect constricted. Her concentration was diminished.

On April 23, 2019, Plaintiff saw PA Mecca. (Tr. 52). On examination, her affect was restricted and her concentration was moderately diminished. On June 18, 2019, Plaintiff again saw PA Mecca. (Tr. 58). She was somewhat slow in speech and her concentration was mildly diminished. On July 30, 2019, Plaintiff once again saw PA Mecca. (Tr. 60). She had a severe level of depression on the PHQ-9. On examination, speech was somewhat slow, her affect was constricted, and her concentration was again

diminished. On September 9, 2019, Plaintiff again saw PA Mecca. (Tr. 65). She scored a moderate level of depression and a severe level of anxiety on the GAD-7 and PHQ-9. On examination, her speech was slow, her affect was constricted, and her concentration was diminished. On November 5, 2019, Plaintiff saw PA Mecca. (Tr. 69). Her PHQ-9 score was moderate and her GAD-7 score was severe. She had fleeting death wishes but denied actual suicidal ideation. On examination, her speech was somewhat slow and her concentration was mildly diminished.

These records, combined with records dating from before the ALJ's decision (Tr. 58, 63, 68, 70, 72, 947, 951, 955), arguably show a reasonable probability that Plaintiff's bipolar disorder was a severe impairment, or at least that Plaintiff's mental health limitations should have been accounted for in the RFC.

A failure by an ALJ to find an impairment severe at step two is harmless error if the impairments are accounted for in the RFC. See *Winder v. Berryhill*, 369 F. Supp. 3d 450, 456 ("It is settled ... that failure to find every impairment at issue severe at Step Two is not reversible error if the ALJ incorporates those impairments in the later steps of the sequential analysis." (citing *Woodmany v. Colvin*, 577 F. App'x 72, 74 n.1 (2d Cir. 2014)). Here, however, there are no limitations in the RFC addressing Plaintiff's bipolar disorder. Accounting for Plaintiff's mental health impairments in the RFC is important because a substantial loss of ability to meet basic mental demands of work could call into question whether she is employable. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial

loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base." SSR 85-15.

Thus, for the reasons stated, the Court remands this case to the defendant for full consideration of the additional evidence regarding Plaintiff's mental impairments.[3]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 12) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   September 14, 2021
         Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge

---

[3] Plaintiff also argues that remand is required because the RFC is not supported by substantial evidence. The defendant should also consider this argument on remand.